IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC LYLES | * |
| Petitioner, | * CIVIL NO. PJM-07-973 |
| | * CRIMINAL NO. PJM-03-484 |
| v. | * |
| UNITED STATES OF AMERICA | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Pro se petitioner Eric Lyles has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion IS MOOT.

In his § 2255 motion, Lyles claims that his counsel was ineffective for two reasons: (1) counsel failed to consult with him about whether to file an appeal; and (2) counsel failed to file an appeal despite being requested to do so.

On August 6, 2004, pursuant to a plea agreement, Eric Lyles plead guilty to one count of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841. In the plea agreement, Lyles waived his right to appeal. Although an appropriate Rule 11 colloquy took place, Lyles claims that his trial counsel thereafter failed to file an appeal despite being requested to do so.

At the times of Lyles' guilty plea and sentencing, the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004) had already been issued, but the Supreme Court had not yet decided *Booker v. United States*, 543 U.S. 220 (2005). In sentencing Lyles, the Court made clear that even if the Supreme Court were to find that the Sentencing Guidelines were unconstitutional or advisory, the Court would nevertheless impose the same sentence. Judgment was entered on October

19, 2004. On March 30, 2005, more than five months after sentencing, Lyles filed a Notice of Appeal *pro se*. On April 12, 2006, the United States Court of Appeals for the Fourth Circuit dismissed the appeal.

Lyles has stated in an affidavit that he instructed counsel to appeal and that counsel did not do so. Presumably, in spite of the waiver of appeal provision in the plea agreement, Lyles could have noted an appeal to challenge the enforceability of the waiver itself. *See United States v. Alston*, 91 F.3d 134, 1996 WL 379695 (4th Cir. 1996). The Government has responded that it would be appropriate to hold an evidentiary hearing on the issue.

The Court concludes that it would be more appropriate for it to VACATE its Judgment of October 19, 2004, and RE-ENTER IT, effective August 17, 2007, so that a new period for appeal may run. The Court notes that new counsel, Sicilia Englert, has already been lined up to represent Lyles in connection with his proposed appeal, given the issues that have been raised with his trial counsel.

Since the only issues raised in Lyles' § 2255 motion were related to the purported failure to appeal, the § 2255 motion is MOOT.

Accordingly, an Amended Judgment and Commitment Order will be ENTERED in this case effective August 17, 2007. The terms and conditions of the sentence will be exactly as they were in the original Judgment, except that Lyles will get full credit for all time served in connection with the original sentence.

A separate Order SHALL ISSUE.

August 17, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE