**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 13 P 4: 33

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | Crim. No. **PJM 03-0484** |
| | * | |
| | * | |
| **ERIC AARON LYLES** | * | |
| | * | |
| Petitioner | * | |
| | * | |

## MEMORANDUM OPINION

Eric Lyles has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), in which he seeks a reduction in his sentence under Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 421. Although Lyles states in his Motion that he is "among the class of defendants who qualify" for the sentence reduction, he was, in fact, found to be a career offender under § 4B1.1 of the Guidelines. Because Lyles' sentence was based on the career offender provision of § 4B1.1, he is ineligible for a reduction pursuant to Amendment 782. Accordingly, the Court will **DENY** his Motion.

### I.

Lyles pleaded guilty to one count of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841 and was sentenced to 188 months in custody. Although the quantity of cocaine base involved would have given a base offense level of 32 under U.S.S.G. § 2D1.1, Lyles was classified as a career offender under U.S.S.G. § 4B1.1, which resulted in a base offense level of 34. After serving some time in custody, he moved to

have his sentence reduced pursuant to Amendment 706, which the Court denied on the ground that Lyles was ineligible as a career offender. *See* ECF No. 332.

On March 16, 2015, Lyles filed the present Motion, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 421.  On August 28, 2015, the Government filed its opposition to the Motion. ECF No. 453.  Lyles has not filed a reply.

## II.

Amendment 782, effective November 1, 2014, reduced the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses by two levels.  The Amendment did not, however, reduce base offense levels for sentences determined pursuant to § 4B1.1, the career offender provision.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence.  The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A sentence reduction is not consistent with the policy statements of the Sentencing Commission, and thus not authorized, if the subsequent amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  The Sentencing Commission has defined the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision." U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10, cmt. n.1(A).  Accordingly, a defendant whose sentence was based on the career offender

-2-

designation under § 4B1.1 is not eligible for a sentence reduction when the base offense level for drug quantities under § 2D1.1 are subsequently reduced. *See, e.g.*, *United States v. Hall*, 627 F. App'x 266, 267 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender . . . Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible . . . ."); *United States v. Moton*, 531 F. App'x 377, 378 (4th Cir. 2013).

Lyles is not entitled to a sentence reduction, because he does not have a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Given that Lyles' sentence was "based on" the career offender provision under § 4B1.1 rather than on the drug quantity levels under § 2D1.1, he is ineligible for a reduction in sentence.

### III.

For the foregoing reasons, Lyles' Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

April __13__, 2016